Case 4:25-cv-05000    Document 7    Filed on 11/03/25 in TXSD    Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE RODRIGUES BENTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5000 |
| | § | |
| PAMELA JO BONDI, Attorney General of the United States, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Andre Rodrigues Bento, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings under 8 U.S.C. § 1225(b)(2). (Docket Entry No. 1). For the reasons set forth below, the court grants Rodrigues Bento's petition in part and orders the respondents to conduct a bond hearing within fourteen days from the date of this order or release him.

**I.    Background**

Rodrigues Bento is a 31-year-old native and citizen of Brazil. (Docket Entry No. 6-1 ¶ 15). He entered the United States on March 25, 2019, at a checkpoint near Sierra Blanca, Texas. (*Id.* ¶ 7). He was initially detained at the El Paso Processing Center to await removal proceedings. (*Id.* ¶ 24). He was then transferred to Boston, had a court date on February 25, 2021, and was released on an Order of Recognizance. (*Id.* ¶ 25). He was arrested on September 19, 2025, in Boston, and transferred to the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* ¶ 26). He has since been transferred to the Houston Contract Detention Facility. (Docket Entry No. 1 ¶

5).

On October 20, 2025, Rodrigues Bento filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings under 8 U.S.C. § 1225. (Docket Entry No. 1). On October 27, 2025, the respondents filed their response, arguing that the petition should be dismissed. (Docket Entry No. 6).

**II.     Analysis**

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months. *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. *Id.* While § 1226 allows an IJ to provide a petitioner with procedural protections such as a bond re-determination hearing, § 1225 does not. *Id.* In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the country and began applying § 1225 to these individuals. *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)). The result is that noncitizens who would have previously received a bond hearing are now mandatorily detained until their removal

proceedings are complete, whenever that may be. In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

This new interpretation has been roundly rejected by almost every court to consider the issue, including this court. *See id.* at *3 (collecting cases). Although the respondents acknowledge this court's prior ruling in *Buenrostro-Mendez*, they nonetheless assert that the statutory language requires that Rodrigues Bento be detained under § 1225.[2] (Docket Entry No. 6 at 2–4, 4 n.2). The respondents have provided no persuasive reason, however, for this court to depart from its prior ruling nor from the rulings of the more than 20 federal courts to consider this issue. "[A]s a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A)." *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252, at *1 & n.1 (D.N.J. Oct. 21, 2025).[3] The respondents are ordered to provide Rodrigues Bento with a bond hearing within fourteen days of this order or release him.[4]

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[2] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*. (Case No. H-25-3726, Docket Entry No. 20).

[3] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3. Nor do the respondents' jurisdictional challenges hold water. As many courts have explained, 8 U.S.C. § 1252 does not deprive courts of jurisdiction in these circumstances because Rodrigues Bento is not directly challenging his removal proceedings, but only his continued detention pursuant to the government's new interpretation of § 1225. *See, e.g.*, *Martinez Lopez v. Larose*, No. 25-cv-2717, 2025 WL 3030457, at *2–*3 (S.D. Cal. Oct. 30, 2025); *Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *2–4 (E.D. Va. Sep. 29, 2025). "Challenging how an alien is classified between §§ 1225 and 1226, like here, is best understood as independent of, and collateral to, the removal process because it may be resolved without affecting the Attorney General's prosecutorial discretion that" Congress meant to preserve. *Hernandez Lopez v. Hardin*, No. 2:25-cv-830, 2025 WL 302245, at *3 (M.D. Fla. Oct. 29, 2025).

[4] Among his requests for relief, Rodrigues Bento asks that the court issue a writ of habeas corpus directing the respondents to release his immediately or, alternatively, to award any further relief this court deems just and proper. (Docket Entry No. 1 at 20). The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome. *See Buenrostro-Mendez*, 2025 WL

Because the court provides Rodrigues Bento with the relief he seeks based on its interpretation of § 1226(a), the court need not reach his additional challenges to his detention. *See Hernandez Lopez*, 2025 WL 3022245, at *5 (citing *Pizarro Reyes*, 2025 WL 2609425, at *8). If the respondents do not provide Rodrigues Bento with a bond hearing within fourteen days as ordered, he may renew his other claims. *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at *4 n.4.

### III. Conclusion

For the reasons stated above, the court grants Rodrigues Bento's petition for a writ of habeas corpus in part. (Docket Entry No. 1). The respondents' motion to dismiss, (Docket Entry No. 6), is denied. The respondents must provide Rodrigues Bento with a bond hearing under § 1226(a) by November 17, 2025, or release him. The parties are to update the court on the status of his bond hearing no later than November 21, 2025.

SIGNED on November 3, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

2886346, at *4. The "comfortable majority position" is to require a bond hearing before an IJ. *See Lopez-Arevelo v. Ripa*, No. EP-25-cv-337, 2025 WL 2691828, at *12 (W.D. Tex. Sep. 22, 2025).